*J. D. Sullivan,* for plaintiff in error.
*Rathmell & Johnson,* for defendants in error.

---

## REQUIREMENTS FOR THE PRACTICE OF DENTISTRY.

[Circuit Court of Franklin County.]

THE STATE OF OHIO, EX REL ELLSWORTH GLENN, V. THE BOARD OF DENTAL EXAMINERS, ETC.*

Decided, July 1, 1904.

*Dentistry—Standards Imposed by the Legislature for the Practice of— Vested Rights.*

1. One who prior to 1902 had not obtained the required certificate for the practice of dentistry is not of the excepted class, but is included in the express terms of the act of that year raising the standard for the granting of a certificate.
2. A vested right is not conferred by a statute which merely prescribes a method by which such a right may be obtained; and it is competent for the Legislature to raise the conditions for obtaining such a right both as to those who were and those who were not theretofore competent to acquire it.

---

*Affirming *State, ex rel Glenn,* v. *Board of Dental Examiners,* 1 N. P.—N. S., 449.

WILSON, J.; SULLIVAN, J., and DUSTIN, J., concur.

We are of opinion the judgment in this case should be affirmed.

The statute of 1902 provides:

"Any and all persons who shall desire to practice dentistry in this state after June 1, 1902, except such persons as are legally practicing dentistry, as defined in this act, in the state at the time of the passage of the act shall file application," etc.

The relator was not legally practicing dentistry in this state at the time of the passage of the act.  He had not obtained the required certificate under any of the prior acts of the Legislature.  The act of 1902 is therefore by its express terms made applicable to him—not coming within the excepted class.

The question, then, is, does it deprive him of a vested right?

What he demands at the hands of the board is the right to practice his profession in Ohio.  He had no vested right to do so at the time of the passage of the act.  It does not, absolutely, deprive him of that right, or place unreasonable restrictions upon its acquirement.  That he might have applied under the former act and obtained the necessary certificate according to its provisions under the facts pleaded in the petition was not a vested right.  It simply provided the way in which the right might become vested.  It was competent, therefore, for the Legislature to change the terms by raising the standard as to him, the same as to any one else who was not legally practicing dentistry in the state.

The right to make the application under the prior law was not such cause of procedure as is affected by the provisions of Section 79, Revised Statutes.

The judgment is affirmed.

*G. J. Marriott*, for plaintiff.

*Attorney-General*, for defendant.